1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

8

9
SUSAN A. BEYERS,                          )
                                          )      No. CV-10-160-JPH
10           Plaintiff,                    )
                                          )
11  v.                                     )      ORDER GRANTING DEFENDANT'S
                                          )      MOTION FOR SUMMARY
12  MICHAEL J. ASTRUE,                     )      JUDGMENT AND DENYING
    Commissioner of Social Security,       )      PLAINTIFF'S MOTION FOR
13                                         )      SUMMARY JUDGMENT
             Defendant.                    )
14                                         )
                                          )
15  ─────────────────────────────         )

16          BEFORE THE COURT are cross-Motions for Summary Judgment. (ECF No. 21, 23.)  Attorney

17  Maureen J. Rosette represents plaintiff; Special Assistant United States Attorney Leisa A. Wolf

18  represents defendant.  The parties have consented to proceed before a magistrate judge.  (ECF No. 8.)

19  After reviewing the administrative record and briefs filed by the parties, the court **DENIES** plaintiff's

20  Motion for Summary Judgment and **GRANTS** defendant's Motion for Summary Judgment.

21  **JURISDICTION**

22          Plaintiff Susan A. Beyers (plaintiff) protectively filed for supplemental security income (SSI) and

23  disability insurance benefits (DIB) on August 17, 2005.  (Tr. 59, 70, 956.)  Plaintiff alleged an onset date

24  of June 30, 2004. (Tr. 59.)  Benefits were denied initially and on reconsideration.  (Tr. 27, 31, 954.)

25  Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ

26  Hayward Reed on October 17, 2007.  (Tr. 1138-99.)  Plaintiff was represented by counsel and testified

27  at the hearing. (Tr. 1161-1178, 1179-1187, 1189-91, 1193.)  Medical expert Allen Bostwick, Ph.D., and

28  vocational expert Debra LaPoint also testified. (Tr. 1139-1160, 1179, 1188, 1191-98.)  The ALJ denied

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -1

benefits (Tr. 12-23) and the Appeals Council denied review. (Tr. 3.) The matter is now before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcripts, the ALJ decisions, and the briefs of plaintiff and the Commissioner, and will therefore only be summarized here.

Plaintiff was 48 years old at the time of the hearing. (Tr. 1161.) Plaintiff has a GED and took a couple of college courses. She served in the Air Force from 1978-1982 and had the job of driving and expediting supplies to the flight line. (Tr. 1161.) She also has work experience as a waitress, bartender, bar manager, sales associate, dispatcher and cook. (Tr. 1162.) Her last job involved nighttime maintenance at a casino. (Tr. 1162.) She testified that she stopped working because she was ill too much. (Tr. 1162.) She has Hepatitis C, chronic bronchitis, cardiopulmonary disease (COPD), sinusitis and migraines. (Tr. 1162, 1167.) If she does anything strenuous, it is hard for her to catch her breath and she has to stop frequently. (Tr. 1163.) She testified she experiences headaches daily, sleeplessness, some dementia, balance problems, pain in both knees, sciatica, neck and shoulder pain, fatigue, and poor appetite. (Tr. 1164.) She has mental issues related to dementia, bipolar and PTSD. (Tr. 1168.) Plaintiff testified she has no short-term memory and panic and anxiety attacks. (Tr. 1168-69.) Her medications cause a number of adverse side effects. (Tr. 1173.) She testified she used to use illegal drugs and her last drug use was in May 2007. (Tr. 1169.)

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler,* 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -2

Cir. 1988).  Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965).  On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400.  If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).  Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988).  Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A).  The Act also provides that a plaintiff shall be determined to be under a disability only if his impairments are of such severity that plaintiff is not only unable to do his previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).  Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.  Step one determines if he or she is engaged in substantial gainful activities.  If the claimant is engaged in substantial gainful activities,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -3

benefits are denied.  20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1.  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past.  If plaintiff is able to perform his or her previous work, the claimant is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation.  The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

A finding of "disabled" does not automatically qualify a claimant for disability benefits. *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001.)  When there is medical evidence of drug or

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -4

alcohol addiction, the ALJ must determine whether the drug or alcohol addiction is a material factor contributing to the disability.  20 C.F.R. §§ 404.1535(a), 416.935(a).  It is the claimant's burden to prove substance addiction is not a contributing factor material to her disability.  *Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007).

If drug or alcohol addiction is a material factor contributing to the disability, the ALJ must evaluate which of the current physical and mental limitations would remain if the claimant stopped using drugs or alcohol, then determine whether any or all of the remaining limitations would be disabling.  20 C.F.R. §§ 404.1535(b)(2), 416.935(b)(2).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found plaintiff has not engaged in substantial gainful activity since June 30, 2004, the alleged onset date.  (Tr. 14.)  At step two, he found Plaintiff has the following severe impairments: hepatitis C, personality disorder, and substance use disorder.  (Tr. 14.)    At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 15.)  The ALJ then determined:

> [I]ncluding the substance use disorder, the claimant has the residual functional capacity to perform light work, which involves occasional lifting less than 20 pounds, frequent lifting or carrying of 10 pounds, sitting for 6 hours and standing/walking for 6 hours in an 8 hour workday and having good use of the arms and hands for repetitive grasping, holding and turning objects (i.e., gross manipulation).  The claimant would also be mildly to moderately limited in her ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes, moderately limited in her ability to interact appropriately with the general public and set realistic goals or make plans independently of others, moderate to markedly impaired in her ability to complete a normal workday or workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, and markedly limited in her ability to carry out detailed instructions and maintain attention and concentration for extended periods.

(Tr. 16.)  At step four, the ALJ found plaintiff is unable to perform past relevant work.  (Tr. 17.)  Based on plaintiff's age, education, work experience, residual functional capacity and the testimony of a vocational expert, and including the substance use disorder, the ALJ determined there are no jobs that exist in significant numbers in the national economy that the claimant can perform.  (Tr. 17.)

Because there is evidence of substance abuse, the ALJ continued the analysis.  The ALJ

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -5

determined that if plaintiff stopped the substance use, she would continue to have the severe impairments

of hepatitis C and personality disorder. (Tr. 18.) Next, the ALJ determined that if plaintiff stopped the

substance use, plaintiff would not have an impairment or combination of impairments that meets or

medically equals any of the impairments listed in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 18.) The

ALJ then determined:

> If the claimant stopped the substance use, the claimant would have the
> residual functional capacity to perform light work which involves
> occasional lifting less than 20 pounds, frequent lifting or carrying of 10
> pounds, sitting for 6 hours and standing/walking for 6 hours in an 8 hour
> workday and having good use of the arms and hands for repetitive
> grasping, holding and turning objects (i.e., gross manipulation). The
> claimant would also be mildly to moderately limited in her ability to
> maintain attention and concentration for extended periods, and get along
> with coworkers or peers without distracting them or exhibiting behavioral
> extremes, mildly limited in her ability to accept instructions and respond
> appropriately to criticism from supervisors, and moderately limited in her
> ability to set realistic goals or make plans independently of others.

(Tr. 19.)   The ALJ found that if plaintiff stopped the substance use, she would be able to perform past

relevant work. (Tr. 22.)  Because plaintiff would not be disabled if she stopped the substance use, the

ALJ found that plaintiff's substance use disorder is a contributing factor material to the determination

of disability. (Tr. 22.)  As a result, the ALJ concluded plaintiff has not been disabled within the meaning

of the Social Security Act at any time from the alleged onset date through the date of the decision.  (Tr.

22.)

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal

error.  Specifically, plaintiff asserts the ALJ: (1) improperly relied on the opinion of the medical expert;

and (2) failed to properly reject the opinions of treating and examining physicians. (ECF No. 22 at 11-

17.) Defendant asserts the ALJ properly evaluated the medical opinions of record. (ECF No. 24 at 6-14.)

**DISCUSSION**

Plaintiff argues the ALJ improperly rejected the opinion of plaintiff's treating physician, Dr.

Edwards, in favor of the opinion of the medical expert, Dr. Bostwick.  (ECF No. 22 at 15-16).  In

disability proceedings, a treating physician's opinion carries more weight than an examining physician's

opinion, and an examining physician's opinion is given more weight than that of a non-examining

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -6

physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  If the treating or examining  physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830.  If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair*, 885 F.2d at 604.

If a treating or examining  physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).  However, if contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989).

Dr. Edwards completed a DSHS Psychological/Psychiatric Evaluation form dated June 1, 2005. (455-58.)  He diagnosed bipolar mood disorder NOS, polysubstance abuse, and anxiety disorder NOS. (Tr. 456.)  He assessed one severe and four marked cognitive limitations and one moderate and four marked social limitations. (Tr. 457.)  Dr. Edwards noted the presence of alcohol and drug abuse and indicated none of the diagnosed conditions are caused by past or present drug or alcohol abuse. (Tr. 456.) He also noted that alcohol or drug treatment would be likely to decrease the severity of the condition and that plaintiff had been abstinent for 60 days. (Tr. 456.)  Dr. Edwards indicated that alcohol or drug abuse exacerbates the diagnosed conditions by causing "increased frequency and worse severity of mood lability." (Tr. 457.)  The ALJ gave Dr. Edwards' opinion little weight in assessing plaintiff's limitations without drug or alcohol abuse.  (Tr. 21.)

Plaintiff argues the ALJ improperly rejected Dr. Edwards' opinion. (ECF No. 22 at 15-16.)  The ALJ gave two reasons for rejecting the assessment of Dr. Edwards. (Tr. 21.)  First, the ALJ pointed out

that plaintiff was either using or withdrawing from substance abuse at the time of the assessment. (Tr. 21.)  In December 2004, a psychological exam by Shari Lyszkiewicz, MS, indicates plaintiff had completed inpatient drug and alcohol treatment but was drinking again.[1] (Tr. 463.)  Ms. Lyszkiewicz noted symptoms associated with withdrawal. (Tr. 465.)  An office visit note from Dr. Mendez reflects plaintiff reported drinking two to three times per week, one or two drinks at a time. (Tr. 439.)  In February 2005, plaintiff told Dr. Edwards her last meth use was in September 2004, but she reported drinking one to two beers every two weeks. (Tr. 434-35.)  She told Dr. Edwards on April 28, 2005 that her illicit drug use included "hydro 10s" from a "street pharmacy." (Tr. 419.)  Plaintiff admitted she started using again in August 2005 (Tr. 492) and also said she "slipped" from clean and sober in September 2005. (Tr. 304.)  Plaintiff relies on her report to Dr. Edwards stating that she had been abstinent for 60 days. (ECF No. 22 at 15.)  The ALJ found plaintiff is not credible and that finding is not challenged by plaintiff.[2]  Based on the evidence, the ALJ reasonably determined that plaintiff continued to be influenced by the effects of drug and alcohol use in the months leading up to the June 1 assessment by Dr. Edwards.  Even if the evidence could be considered ambiguous during this period, it is the role of the ALJ to resolve conflicts and ambiguity in the evidence. *See Morgan v. Commissioner*, 169 F.3d 595, 599-600 (9th Cir. 1999); *see also Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).  Thus, the ALJ cited a specific, legitimate reason supported by substantial evidence for rejecting

---

[1]Ms. Lyszkiewicz completed a DSHS Psychological/Psychiatric Evaluation form and a psychological assessment report on December 6, 2004. (Tr. 459-65.)  The narrative report was co-signed by Dr. Rosekrans, who adopted the findings and conclusions of the report as his own. (Tr. 465.)

[2]If the ALJ finds a claimant's testimony as to the severity of her pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony. *Morgan v. Apfel*, 169 F.3d 595, 601-02 (9th Cir. 1999).  In the absence of affirmative evidence of malingering, the ALJ's reasons must be "clear and convincing." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038-39 (9th Cir. 2007); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *Morgan*, 169 F.3d at 599. The ALJ cited numerous clear and convincing reasons supported by substantial evidence supporting the credibility finding, which is not challenged by plaintiff. (Tr. 20-21.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -8

Dr. Edwards' report.

Second, the ALJ concluded that Dr. Edwards' findings are inconsistent with other evidence which shows that without drug use, plaintiff had no marked mental limitations. (Tr. 21.) The consistency of a medical opinion with the record as a whole is a relevant factor in evaluating a medical opinion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007); *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). In July 2004, Dr. Elder noted plaintiff exhibited severe character pathology with very limited insight and that her current behavior is consistent with drug abuse. (Tr. 16, 177.) Dr. Winter indicated that plaintiff's somatic focus and complaints of depression, irritability and poor sleep were likely related to recent drug use and withdrawal. (Tr. 16, 178.) Dr. Brown, a treating psychiatrist, opined in November 2004 that plaintiff is capable of light work. (Tr. 21, 466-69.) Ms. Lyszkiewicz indicated plaintiff's mood swings were related to withdrawal from drug use in December 2004. (Tr. 16, 465.) In November 2005, Dr. Baldwin, a state reviewing psychologist, concluded that plaintiff should be able to do simple and some complex tasks and that she may have some trouble focusing and concentrating, but could certainly be productive. (Tr. 21, 216.) She opined that plaintiff would do better with superficial public contact, may take somewhat longer to adapt to changes in the workplace and would need some structure, but appears adaptable. (Tr. 216.) Dr. Baldwin noted plaintiff would clearly do better with sustained abstinence. (Tr. 216.) In February 2006, Dr. Brown noted that plaintiff was experiencing an amphetamine induced psychotic disorder, but she may also have a borderline personality disorder. (Tr. 16-17, 723.) The ALJ cited the opinion of Dr. Bostwick, the medical expert, who reviewed the medical evidence and concluded there is no evidence establishing marked or severe limitations if plaintiff stopped substance abuse. (Tr. 1149.) Dr. Bostwick also cited additional evidence documenting substance use throughout the record. (Tr. 1143-44.) Plaintiff cites to no evidence supporting Dr. Edwards' findings that plaintiff has marked and severe limitations without the effects of drug abuse and the court finds none in the record. The ALJ, on the other hand, cited varied evidence constituting substantial evidence in support of the conclusion that Dr. Edwards' opinion is not consistent with the longitudinal record. Thus, this is a specific, legitimate reason for rejecting the assessment and the ALJ did not err.

Plaintiff also argues the ALJ improperly relied on the opinion of Dr. Bostwick. Dr. Bostwick testified that plaintiff had a substance induced mood disorder related to her ongoing drug abuse, but

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -9

opined that her more significant problem in terms of limitations is personality disorder. (Tr. 1143.) He opined that if the substance abuse was removed, there really is no mood disorder, but plaintiff would continue to have a personality disorder. (Tr. 1147.) Dr. Bostwick testified that the evidence indicates plaintiff was using drugs or alcohol throughout the record. (Tr. 1143-44, 1146.) He opined that with substance abuse, plaintiff has mild, moderate and marked limitations. (Tr. 1153-56.) Dr. Bostwick also testified that he is not aware of any evidence in the record showing plaintiff has a moderate to marked impairment when not actively using drugs or alcohol. (Tr. 1149.) He determined that without substance use, plaintiff would be mildly to moderately limited in her ability to maintain attention and concentration for extended periods and get along with coworkers or peers without distracting them or exhibiting behavioral extremes, mildly limited in her ability to accept instructions and respond appropriately to criticism from supervisors, and moderately limited in her ability to set realistic goals or make plans independently of others. (Tr. 1153-56.) The ALJ adopted Dr. Bostwick's opinion, noting it is supported by the medical evidence of record. (Tr. 16, 19, 21.)

The opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician. *Lester*, 81 F.3d at 831, citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990). However, the opinion of a non-examining physician may be accepted as substantial evidence if it is supported by other evidence in the record and is consistent with it. *Andrews*, 53 F.3d at 1043; *Lester*, 81 F.3d at 830-31. Cases have upheld the rejection of an examining or treating physician based on part on the testimony of a non-examining medical advisor; but those opinions have also included reasons to reject the opinions of examining and treating physicians that were independent of the non-examining doctor's opinion. *Lester*, 81 F.3d at 831, citing *Magallanes v. Bowen*, 881 F.2d 747, 751-55 (9th Cir. 1989) (reliance on laboratory test results, contrary reports from examining physicians and testimony from claimant that conflicted with treating physician's opinion); *Roberts v. Shalala*, 66 F.3d 179 (9th Cir. 1995) (rejection of examining psychologist's functional assessment which conflicted with his own written report and test results). Thus, case law requires not only an opinion from the consulting physician but also substantial evidence (more than a mere scintilla but less than a preponderance), independent of that opinion which supports the rejection of contrary conclusions by examining or treating physicians. *Andrews*, 53 F.3d at 1039.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -10

As detailed, *supra*, the ALJ cited substantial evidence independent of Dr. Bostwick's opinion in rejecting Dr. Edwards' assessment. Specifically, the ALJ cited evidence from Dr. Brown, Dr. Elder, Dr. Winter, Dr. Rosekrans and Ms. Lyszkiewicz, and Dr. Baldwin in support of his conclusions. Even if certain portions of the record support plaintiff's arguments, the court must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). As a result, the ALJ did not err by relying on Dr. Bostwick's opinion.

Plaintiff also argues the ALJ failed to properly reject the opinions of Dr. Rosekrans and Ms. Lyszkiewicz. (ECF No. 16-17.) Ms. Lyszkiewicz completed a DSHS Psychological/Psychiatric Evaluation form dated December 6, 2004. (Tr. 459-62.) She diagnosed personality disorder NOS with borderline and dependent features, adjustment disorder with mixed anxiety and depressed mood, alcohol dependence sustained partial remission, methamphetamine dependence early partial remission, and cocaine dependence, sustained full remission. (Tr. 460.) She assessed a marked limitation in the ability to exercise judgment and make decision, in the ability to relate appropriately to coworkers and supervisors, and in the ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting. (Tr. 461.) In a narrative report also dated December 6, 2004, Dr. Rosekrans and Ms. Lyszkiewicz noted that a diagnosis of bipolar disorder is not valid in light of plaintiff's methamphetamine addiction. (Tr. 465.) It was noted that plaintiff's symptoms of depression and anxiety which had begun the previous month was attributed to withdrawal from drug use. (Tr. 465.) Furthermore, it was observed that plaintiff had only been clean for a few months and was at high risk of relapse since she was not attending any kind of outpatient program. (Tr. 465.)

The ALJ noted Ms. Lyszkiewicz' opinion in establishing plaintiff's severe impairments and developing the residual functional capacity including substance abuse. (Tr. 14, 16.) In establishing plaintiff's residual functional capacity without substance abuse, however, the ALJ distinguished MS. Lyszkiewicz' opinion as prepared at a time when the claimant was experiencing greater mental limitations due to substance abuse. (Tr. 21.) This is supported by plaintiff's statement to Ms. Lyszkiewicz that she had relapsed in September 2004 and admissions to Ms. Lyszkiewicz and Dr. Mendez the next day that she was still drinking alcohol. (Tr. 438, 463.) Plaintiff points out that Ms. Lyszkiewicz checked boxes indicating plaintiff's marked cognitive limitation is not most likely the result of alcohol or drug abuse and

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -11

that the cognitive limitation is not likely to dissipate with 60 days of sobriety. (Tr. 461.) However, in the narrative report, Dr. Rosekrans and Ms. Lyszkiewicz concluded that plaintiff's symptoms were due to withdrawal. (Tr. 463.) Individual medical opinions are preferred over check-box reports. *See Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996); *Murray v. Heckler*, 722 F.2d 499, 501 (9th Cir. 1983). Indeed, Ms. Lyszkiewicz noted her explanation was contained in the narrative report. (Tr. 461.) The check-boxes may be construed as creating some ambiguity regarding Ms. Lyszkiewicz' opinion, but the ALJ is the arbiter of ambiguities, not the court, and reasonably resolved the apparent conflict by accepting the contents of the narrative report. (Tr. 21.) As a result, the ALJ did not err in considering the opinions of Ms. Lyszkiewicz and Dr. Rosekrans.

Lastly, plaintiff complains that the ALJ twice stated he gave significant weight to the opinions of plaintiff's treating and examining providers, when he in fact rejected the opinion of Dr. Edwards. (ECF No.22 at 15.) This argument is without merit. The context of the ALJ's statement indicates the ALJ intended to give weight to the treating and examining providers except as specifically noted. (Tr. 21.) Even if the ALJ erred by stating he gave weight to the opinions of treating and examining providers, the error is harmless. It is evident that the ALJ intended to reject Dr. Edwards' opinion and he properly did so by discussing specific, legitimate reasons supported by substantial evidence in the record. As long as there is substantial evidence supporting the ALJ's decision and the error does not affect the ultimate nondisability determination, the error is harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin*, 533 F.3d 1155, 1162 (9th Cir. 2008); *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *Batson v. Comm'r Soc. Sec. Admin*, 359 F.3d 1190, 1195-97 (9th Cir. 2004).

1
2                              **CONCLUSION**
3          Having reviewed the record and the ALJ's findings, this court concludes the ALJ's decision is
4   supported by substantial evidence and is not based on error.
5          Accordingly,
6          **IT IS ORDERED:**
7          1.      Defendant's Motion for Summary Judgment **(ECF No. 23)** is **GRANTED.**
8          2.      Plaintiff's Motion for Summary Judgment **(ECF No. 21)** is **DENIED**.
9          The District Court Executive is directed to file this Order and provide a copy to counsel for
10  plaintiff and defendant.  Judgment shall be entered for defendant and the file shall be **CLOSED**.
11         DATED September 29, 2011
12
13                          S/ JAMES P. HUTTON
                      UNITED STATES MAGISTRATE JUDGE
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -13